# IN THE COURT OF APPEALS OF TENNESSEE

## EASTERN SECTION

| | | |
|---|---|---|
| DAVID T. BAILEY and | ) | KNOX COUNTY |
| E. LYNN WAGNER, in their own | ) | 03A01-9606-CV-00190 |
| right and derivatively for the | ) | |
| use and benefit of Southeastern | ) | |
| Healthcare Services, L.P. | ) | |
| | ) | |
| Plaintiffs-Appellants | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| TOM HOLBERT, as general partner | ) | |
| of Southern Healthcare | ) | |
| Services, L.P. | ) | |
| and | ) | |
| MOORE'S PHARMACY, INC. | ) | HON. HAROLD W. WIMBERLY, |
| d/b/a MARCUM'S HEALTHCARE | ) | JUDGE |
| SERVICES, and CARL MARCUM, | ) | |
| GINA MARCUM PINNEY, and | ) | |
| TOM HOLBERT, as officers, | ) | |
| directors and/or employees | ) | |
| and agents of and for | ) | |
| Moore's Pharmacy, Inc. | ) | |
| and | ) | |
| TOM HOLBERT, CARL MARCUM, | ) | |
| and GINA MARCUM PINNEY, | ) | |
| Individually | ) | |
| | ) | AFFIRMED IN PART; VACATED IN |
| Defendants-Appellees | ) | PART and REMANDED |

DALE C. ALLEN and H. BRUCE GUYTON OF KNOXVILLE FOR APPELLANTS DAVID T. BAILEY and E. LYNN WAGNER

WILLIAM K. ROGERS OF KINGSPORT FOR APPELLEE TOM HOLBERT

PATRICK LEDFORD OF KINGSPORT FOR APPELLEES MOORE'S PHARMACY, CARL MARCUM and GINA MARCUM PINNEY

## O P I N I O N

Goddard, P.J.

This is a suit by David T. Bailey and E. Lynn Wagner in their own right and derivatively for the use and benefit of Southeastern Healthcare Services, L.P., a Limited Partnership in which they were partners, against Tom Holbert, as general partner, Moore's Pharmacy, Inc., d/b/a Marcum's Healthcare Services, and Carl Marcum and Gina Marcum Pinney, as Officers and Directors and/or Employees and Agents of and for Moore's Pharmacy, Inc., and Tom Holbert, Carl Marcum and Gina Marcum Pinney, Individually. The suit stems from the purchase by Southeastern Healthcare Services of a unit dosage pharmacy business from Moore's Pharmacy, Inc., for the sum of $275,000. The complaint alleged a cause of action for negligent misrepresentation and breach of warranty.

The Trial Judge dismissed the complaint. Although he found that misleading information[1] regarding the profitability of the business in question was negligently furnished to the Plaintiffs, he also found that because the bookkeeping for the business sold was kept in conjunction with that of a separate pharmacy business owned by Moore's Pharmacy, Inc., "it was difficult to determine what was what, what this business was actually earning and what the other business was earning," and that there was no intent on the part of the Defendants to

---

[1] Some of the information furnished was grossly misleading. For example, it was represented that the business purchased was generating a gross profit of $10,000 per month, when in fact the losses per month were approximately that amount.

deceive. Consequently, he concluded that the Plaintiffs were guilty of at least equal negligence in failing to investigate the information furnished, which would have disclosed the true financial condition of the business purchased. (See Appendix.)

The Trial Court also dismissed the breach of warranty claim in a succinct colloquy with counsel for the Plaintiffs at the conclusion of his memorandum opinion:

> So for that reason, the judgment of the Court is that the defendants should prevail because the fault here is at least equal. And there is no other basis, as I have just outlined, I think, for recovery.
>
> Now, is there anything else that you would like to ask me that you feel I haven't covered without rearguing the case?
>
> MR. LEDFORD: No, Your Honor.
>
> MR. GUYTON: Is the Court's opinion also to have included the addressing the issue of the warranty?
>
> THE COURT: Yes. The sole basis for recovery as I stated it, and that includes everything. It's my intention to include everything.

The Plaintiffs appeal, raising the following two issues:

> 1. Whether the trial court erred in its failure to hold defendants/appellees liable for breach of warranty and/or breach of contract, where the defendants/appellees warranted the accuracy of the financial statements provided to plaintiffs/appellants prior to this transaction, and the plaintiffs/appellants relied on the financial statements, but the financial statements were discovered to be inaccurate and false after the transaction.
>
> 2. Whether the trial court erred in its failure to hold defendants/appellees Marcum and Pinney personally and individually liable for the misrepresentations and breaches of warranty made by their agents, Holbert and Rhoton?

3

In connection with the breach of warranty claim, Moore's Pharmacy, Inc., acting through its President, Gina Marcum Pinney, and its Secretary, Carl Marcum, executed an "AGREEMENT FOR SALE AND TRANSFER OF ASSETS," which contained the following provisions:

## SECTION FIVE

## WARRANTIES AND COVENANTS OF SELLER

Seller agrees, represents, and warrants as follows:

. . . .

(d) Seller has made available to Buyer its profit and loss statements and same have correctly reflected the financial conditions, assets and liabilities, and operation of Seller as of the dates stated in such documents.

. . . .

(p) Seller will promptly advise Buyer in writing of the occurrence of any material events which come to the knowledge of Seller after the execution of this Agreement and prior to or on the Closing Date relating to any matters which are the subjects of these covenants, representations and warranties of the Seller contained in this Section.

(q) No representations or warranties by Seller, its officers or directors, nor any statement, list or certificate furnished or to be furnished to Buyer pursuant hereto, or in connection with the transactions contemplated hereby, contains or will contain any untrue statement of a material fact or omits or will omit to state a material fact necessary to make the statements therein not misleading. All such statements, lists, or certificates are true and correct in all material respects.

(r) The warranties, representations and covenants of the Seller contained in this Agreement shall be true and correct in all respects as of the Closing Date with

4

the same force and effect as if given and made on and
as of the date and time of the Closing Date, and such
representations, warranties and covenants shall survive
the Closing Date and the consummation of the
transactions contemplated by this Agreement.

Although the Trial Court apparently found that negligence may also bar an action for breach of contract, neither the Trial Court nor counsel for the Defendants have cited any such authority. Moreover, we have not been able to find any in our research. We accordingly conclude that the Plaintiffs are entitled to a judgment against the Corporation because of breach of warranty.

In so finding, we accept as true that the Plaintiffs did not make such an investigation that they might have to disclose the misrepresentation, but point out that the purpose of a warranty, in part, is to relieve one to whom the warranty is given from that responsibility. In Paccon, Inc. v. United States, 399 F.2d 162, 166 (1968), the United States Court of Claims makes this point in quoting with approval from an earlier case:

"In essence a warranty is an assurance by one party to
an agreement of the existence of a fact upon which the
other party may rely; it is intended precisely to
relieve the promisee of any duty to ascertain the facts
for himself. Thus, a warranty amounts to a promise to
indemnify the promisee for any loss if the fact
warranted proves untrue." Dale Constr. Co. v. United
States, 168 Ct.Cl. 692, 699 (1964).

5

In their brief the Plaintiffs contend that if the remedy to which they are entitled is rescission, the "measure of damages would be the return of the consideration paid,. . . as well as the amount invested in the business, with interest, and the value of their labor," which they calculate to be in excess of $600,000. In the alternative, they assert that if they are awarded compensatory damages only, "they should receive the difference in value of what they paid versus the value of what they actually received."

We conclude under all the facts of this case the latter measure of damage is the appropriate one. It does not appear, however, that this figure was adequately addressed in the proof, and in the interest of justice to both parties, we deem it appropriate that the cause be remanded for such a determination and a judgment entered against the Corporation for that amount.

As to the second issue raised, wherein the Plaintiffs' insistence that the individual Defendants are likewise liable in warranty, we find the only warranty extended was that contained in the agreement for sale and transfer of assets, which was executed by the Corporation and signed by Ms. Pinney and Mr. Marcum in their representative capacities.

6

In conclusion, we have not overlooked the Defendants' contentions that breach of warranty may not be asserted because the contract is ambiguous, was not breached, was not reasonably relied upon, and did not cause damages to the Plaintiffs. Under the findings of the Trial Court, the testimony adduced and the entire record, we find each contention to be without merit.

For the foregoing reasons the judgment of the Trial Court is affirmed in part, vacated in part, and the cause remanded for further proceedings not inconsistent with this opinion. Costs of appeal are adjudged one-half against the Plaintiffs and one-half against the Corporation.

_____
Houston M. Goddard, P.J.

CONCUR:


_____
Herschel P. Franks, J.


_____
Don T. McMurray, J.

7

And this business, when it was operated by the defendants, was operated, of course, with their other business in such a way that, to the defendants and really to anybody else, it was difficult to determine what was what, what this business was actually earning and what the other business was earning.  And this method of accounting that we went into great detail in describing, in effect, concealed the actual status and condition of this business that was finally purchased by the plaintiff. This resulting concealment was not, in the Court's mind and the Court's opinion, done in some intentional way to deceive anyone. It was just simply the way that it was set up.

When the plaintiffs purchased the business, they were provided the papers that we've spent a lot of time discussing, and these papers, in effect, gave plaintiff what turned out to be a false impression about the status of this business that they purchased.  Now, plaintiffs accepted these without question, and when offered the opportunity to determine for themselves the validity, in effect, of those papers that they've been furnished and the information they've been furnished, the plaintiffs wound up relying upon their accountant that they sent to investigate. And the accountant actually did no investigation and, repeating several times that these people involved were fraternity brothers and if they could not trust each other and rely on each other, he did not see that he had any part in questioning them any further than what appeared on the surface.

misleading. They did not do so intentionally or willfully or actually knowingly. They were relying upon their people, their accountant who prepared these statements, and they are shown not to take much direct interest in determining and separating the accounts of that business from the other business. Then when the sale was done, the plaintiffs, having the opportunity to investigate the business and accomplish what we referred to in the -- as a term of art, supposedly, due diligence -- which was in the papers, actually did nothing to determine for themselves in any meaningful way what the true condition of the business was.

So in legal terms, I think you would say that the defendants negligently misrepresented the condition of that business that was purchased. The plaintiffs then negligently purchased the business. And that's the problem there. And that's the nature of the conduct that resulted in this situation -- negligence on both parts which the Court feels was at least equal. The other individual defendant we find was not acting for himself in such a way that would impose liability upon him.